UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBIN DEXTER & DANIEL DEXTER<br>   Plaintiff<br><br>v.<br><br><br>NCO FINANCIAL SYSTEMS, INC.<br>   Defendant | CIVIL ACTION<br><br><br>JURY TRIAL<br>CLAIMED<br><br><br>JANUARY 7, 2011 |

## COMPLAINT

1. This is a suit brought by a consumer and her husband who have been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes a pendent State law claim for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff Robin Dexter is a natural person residing in Putnam, Connecticut.

3. Plaintiff Daniel Dexter is a natural person residing in Putnam, Connecticut and is the husband of Robin Dexter.

4. The defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337 and 1367, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over NCO because it engages in debt collection activities within Connecticut.

7. Venue in this Court is proper, as Plaintiffs are residents of Connecticut and the acts complained of occurred in this state.

8. On or around Mid-November 2010, NCO began contacting Plaintiffs' home regarding a consumer debt allegedly owed by Plaintiff Robin Dexter ("the Debt") which was assigned to NCO for collection.

9. An NCO representative called and spoke with Plaintiff Robin Dexter, and during that conversation, the representative attempted to collect the Debt from her, and she disputed the Debt and told that representative that she had already paid off the Debt in full, and she demanded that NCO send her proof that she owed the debt; the NCO representative replied by telling her that she did owe the Debt and that he would send her the requested verification.

10. Approximately a week later, NCO called Plaintiffs' residence and left another message on Plaintiffs' answering machine stating that NCO was a debt collector attempting to collect a debt; Plaintiffs' three children overheard that message, and they asked Plaintiffs questions about the messages and why NCO was calling, and this caused Plaintiffs embarrassment and shame.

11. On or around November 27, 2010, NCO called and left a message for Plaintiffs in an attempt to collect the Debt.

12. NCO never sent to Plaintiff Robin Dexter the verification as promised, and they never sent her any letters regarding the Debt.

13. NCO's actions as described above violated the FDCPA and CUTPA.

WHEREFORE, the Plaintiffs pray for the following relief:

Actual damages (including emotional distress related damages), statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

**PLAINTIFFS, ROBIN DEXTER & DANIEL DEXTER**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax. (860) 571-7457